# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOULEYMANE CAMARA, | Civil No. 3:23-cv-560 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN BARRAZA, | |
| Respondent | |

## MEMORANDUM

Petitioner Souleymane Camara ("Camara"), an inmate currently incarcerated at the Federal Correctional Institution, Allenwood, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Camara seeks an Order directing the Bureau of Prisons ("BOP") to award him earned time credits pursuant to the First Step Act ("FSA"). (*Id.* at p. 8). For the reasons set forth below, the Court will deny the habeas petition.

### I.     Background

Camara is serving an aggregate 95-month term of imprisonment imposed by the United States District Court for the Northern District of Indiana for fraud charges. (Doc. 6-1, pp. 7-12). Camara's projected release date is June 25, 2026, via good conduct time release. (*Id.*).

The BOP has currently assessed Camara as having a medium risk of recidivism. (*Id.* at p. 16).

The Administrative Remedy Generalized Retrieval reveals that Camara has not filed any administrative remedies while in BOP custody. (*Id.* at p. 14).

In his § 2241 petition, Camara seeks the application of earned time credits towards his sentence. (Doc. 1). Respondent contends that Camara's § 2241 petition must be denied because: (1) Camara failed to exhaust his administrative remedies; and (2) Camara is not eligible for earned time credits at this time. (Doc. 6).

## II.     Discussion

### A.     Exhaustion of Administrative Review

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General

Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Camara's Administrative Remedy Generalized Retrieval report reveals that he failed to exhaust the claims in the instant habeas petition. (Doc. 6-1, p. 14). The undisputed record reflects that Camara has not filed any administrative remedies during his incarceration. (*Id.*). Camara has not established that he should be excused from exhausting administrative remedies with respect to his present claims, but instead argues

3

that exhaustion would be futile. While the Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Camara's eligibility for earned time credits and the specific number of earned time credits. The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Camara's claim is the type of FSA earned-time-credit dispute that must first be properly exhausted through the BOP system. Moreover, even if Camara thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Thus, Camara's § 2241 petition must be dismissed for failure to exhaust his administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Camara to invoke the judicial process despite failing to complete administrative review. Nevertheless, the Court will address the merits of his petition below.

### B. Merits of the Habeas Petition

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21,

2018, the date on which the FSA was enacted. *See* 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id.* § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. *See id.*

Section 3624(g) sets forth the process for how FSA time credits are applied to create an earlier release date for eligible prisoners. Section 3624(g) requires, for placement in

prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden. 18 U.S.C. § 3624(g)(1)(D)(i). For early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." *Id.* § 3624(g)(1)(D)(ii). The clear language of 18 U.S.C. § 3624(g) precludes application of time credits until Camara has lowered his recidivism risk level.

Respondent submitted the Declaration of Jennifer Knepper, BOP Supervisory Attorney, wherein she explains that inmates who are eligible for FSA time credits can accrue credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk. (Doc. 6-1, pp. 4 ¶ 9; *see also* 28 C.F.R. §§ 523.42, 523.44). Camara is eligible to earn FSA time credits. Although Camara may be eligible to earn time credits, those credits cannot be applied until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Camara's current recidivism risk level is medium. (Doc. 6-1, p. 16). Camara will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low. Thus, the Court must deny Camara's habeas petition.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June ___, 2023